IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON TUCKER,

      Plaintiff,

v.                                                          CASE NO. 1:20-cv-117-RH-GRJ

MICHAEL E. HOROWITZ, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's *pro se* Complaint.  ECF No. 1.

Plaintiff initiated this action against Defendants on May 18, 2020.  The

Complaint is now before the Court for screening in accordance with 28

U.S.C. § 1915(e).  For the reasons explained below, it is respectfully

**RECOMMENDED** that the Complaint, ECF No. 1, should be **DISMISSED**

**without leave to amend** for failure to prosecute, for failure to state a claim,

and as frivolous.

## I.  BACKGROUND

Plaintiff alleges this action arises under the First, Second, Fourth, and

Fourteenth Amendments to the United States Constitution.  ECF No. 1 at 3.

In short, he claims Defendants[1] are liable for: (1) obstruction of justice (under 18 U.S.C. § 1503); (2) honest services fraud (under 18 U.S.C. § 1346); (3) violating their oaths of office (under 5 U.S.C. § 3331); (4) unconstitutional trespass, deprivation of equal protection, and intentional infliction of emotional distress (under 42 U.S.C. § 1983); and (5) knowingly failing to prevent a violation of 42 U.S.C. § 1985 (under 42 U.S.C. § 1986). *Id.* at 3–8.  As to relief, Plaintiff requests "the outstanding dividend shares connected to the birth certificate, due by the United States of America," "to restore his right to purchase arms and recover private property unlawfully seized from him," and "to present the crimes against him by constitutors and others to a grand jury immediately without delay."  *Id.* at 9.

## II.  DISCUSSION

Upon careful consideration of the Complaint, the undersigned concludes there are several deficiencies warranting dismissal.  Each deficiency is discussed in turn below.

---

[1] Plaintiff names seven federal officers as defendants: (1) Michael Evan Horowitz, the Inspector General of the United States Department of Justice; (2) John Michael ("Mick") Mulvaney, the former Director of the Office of Management and Budget; (3) William ("Bill") Pelham Barr, the United States Attorney General; (4) Eric Himpton Holder, Jr., the former United States Attorney General; (5) Makan Delrahim, the Assistant Attorney General for the Antitrust Division of the United States Department of Justice; (6) Kathryn Wilburn Drey, Chief of the Civil Division for the United States Attorney's Office for the Northern District of Florida; and (7) Marie Armstrong Moyle, Assistant United States Attorney in the Northern District of Florida.  ECF No. 1 at 1–2.

### A.    Failure to Prosecute

Plaintiff has abandoned the prosecution of this action.  On May 26, 2020, the Court entered an order informing Plaintiff that he failed to use the approved form for a *pro se* civil complaint, N.D. Fla. Loc. R. 5.7(A), and did not pay the requisite filing fee (or file a motion to proceed *in forma pauperis*), N.D. Fla. Loc. R. 5.3.  ECF No. 3.  As of this date, Plaintiff has failed to remedy these defects, notwithstanding ample time to do so and a deadline of June 16, 2020.[2]  This case is therefore due to be dismissed. *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (holding a district court may *sua sponte* dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) when the plaintiff fails to prosecute or comply with a court order).

### B.    Failure to State a Claim

The *in forma pauperis* statute authorizes the Court to dismiss a claim "at any time if the [C]ourt determines that … the action … (i) is frivolous or

---

[2] Indeed, it is apparent from Plaintiff's Complaint that Plaintiff takes the unfounded position this Court cannot require him to abide by these local rules.  *See* ECF No. 1 at 8 ("Dismissing the case for lack of form is wrong.  Extorting fees or forma pauperis status for equal access to the court is wrong.").

malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  As to the failure to state a claim, "[d]ismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).

To plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  Mere labels and conclusions are insufficient.  *Iqbal*, 556 U.S. 662 at 678.

The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable.  A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an

4

action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

> i)   *Plaintiff's Statutory Claims*

As an initial matter, Plaintiff's statutory claims for obstruction of justice

and honest services fraud against Defendants must fail because these

criminal statutes do not provide a private right of action.  *See Grissom v.*

*United States*, No. 7:19-cv-1884-LSC, 2020 WL 1083213, at *3 (N.D. Ala.

Mar. 5, 2020) ("The text [of 18 U.S.C. § 1503] has no reference to a civil

remedy or a civil cause of action"); *Kaul v. Christie*, 372 F. Supp. 3d 206,

236 (D.N.J. 2019) (stating the statute prohibiting honest services fraud

does not afford an express or implied private right of action (citing *Marfut v.*

*City of N. Port, Fla.*, No. 8:08-cv-2006-T-27EAJ, 2009 WL 790111, at *9

(M.D. Fla. Mar. 25, 2009))).  Indeed, it is well-established that Plaintiff, a

private citizen, "lacks a judicially cognizable interest in the prosecution or

nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619

(1973); *see also Williams v. Uni. Of Ala. Hosp. at Birmingham*, 353 F. App'x

397, 398 (11th Cir. 2009) ("The government, not private citizens,

prosecutes crimes.").

Moreover, Plaintiff cannot plead a cause of action pertaining to

Defendants' oaths of office, or any violation thereof.  Section 3331 states:

> An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath: "I, AB, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter.  So help me God."  This section does not affect other oaths required by law.

5 U.S.C. § 3331.  This statute does not express a private right of action for an individual's failure to abide by the oath of office.  *See Eleson v. Lizarraga*, No. 2:19-cv-112-KJN-P, 2019 WL 4166799, at *5 (E.D. Cal. Sept. 3, 2019) (collecting cases).

Finally, Plaintiff fails to allege any plausible claim for relief under 42 U.S.C. § 1986 in his Complaint.  ECF No. 5–6.  "Section 1986 claims are derivative of claims raised under 42 U.S.C. § 1985, permitting liability against individuals who are aware of—but did not participate in—a conspiracy prohibited by § 1985, and failed to take action to stop the conspiracy."  *White v. Berger*, 709 F. App'x 532, 538 (11th Cir. 2017) (citing *Park v. City of Atlanta*, 120 F.3d 1157, 1159–60 (11th Cir. 1997)).  In turn, § 1985 prohibits numerous conspiracies to interfere with civil rights.  42 U.S.C. § 1985.  Plaintiff does not state the "acts conspired to be done and committed," ECF No. 1 at 5, nor does he allege sufficient factual matter in

support of the assertion that Defendants knowingly ignored such a conspiracy.

Plaintiff, therefore, has failed to state a statutory cause of action as a matter of law.

### ii)   Plaintiff's Constitutional Claims

Plaintiff's constitutional claims do not fare any better.  A constitutional claim for damage against a federal officer arises under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), not 42 U.S.C. § 1983.  Federal courts incorporate § 1983 law in *Bivens* actions, *Topping v. U.S. Dep't of Educ.*, 510 F. App'x 816, 819 (11th Cir. 2013), but the Supreme Court recently cautioned that *Bivens* provides only a limited remedy for specific constitutional violations and any expansion is disfavored, *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020).

To state a constitutional claim against Defendants, Plaintiff must allege two essential elements: (1) that he was deprived of a right secured by the Constitution or federal law; and (2) that the deprivation occurred under color of law.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999).  For a defendant to be sued in his individual capacity, Plaintiff must plead facts showing that the defendant personally participated in any purported unconstitutional acts.  *See Hearth, Inc. v. Dep't of Public*

7

*Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) ("The claim against Vowell in his individual capacity was dismissed because of the absence of any indication that he personally participated in any alleged wrongdoing.").

There is an "extremely rigorous" standard to impose supervisory liability for constitutional violations. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A plaintiff seeking to hold a supervisor liable for constitutional violations may do so by showing that a causal connection exists between the supervisor's actions and the alleged constitutional violation. *Id.* As the Eleventh Circuit explained in *Cottone*:

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* (alterations adopted and internal citations omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

Plaintiff's constitutional claims flout these principles and are thereby subject to dismissal.  First, Plaintiff does not allege any claims under the First or Fourth Amendment.  His claims for trespass and intentional infliction of emotional distress arise under state law, not the United States Constitution.  Second, Plaintiff's equal protection claim must fail because he does not allege that he was treated "disparately from other similarly situated persons."  *Arthur v. Thomas*, 674 F.3d 1257, 1262 (11th Cir. 2012).  Lastly, Plaintiff does not state a claim under the Second Amendment because he does not plausibly allege that Defendants held any role in the denial of his application to own a firearm.  ECF No. 1 at 5.

### iii)    Leave to Amend

The only remaining question is whether Plaintiff should be granted leave to amend the Complaint.  Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a).  A district court, nevertheless, may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  Because Plaintiff did not respond to the Court's May 26, 2020, order directing him to amend his allegations and

his claims against Defendants are untenable, granting Plaintiff leave to amend would be futile.

### C.   Frivolous

Plaintiff has failed to pay the requisite filing fee in this case, but he has been granted *in forma pauperis* status in other matters.  *See, e.g.*, *Tucker v. Walker*, No. 1:20-cv-08-AW-GRJ, ECF No. 7 (N.D. Fla. Jan. 28, 2020); *Tucker v. Saul*, No. 1:19-cv-330-EMT, ECF No. 5 (N.D. Fla. Dec. 30, 2019).  The Court thus infers that he intended to seek leave to proceed *in forma pauperis* and is subject to screening under § 1915(e)(2).  However, even if § 1915(e)(2) is inapplicable because Plaintiff has not applied to proceed to *in forma pauperis*, the Court may exercise its inherent authority to screen the Complaint and will reach the same result.

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit at to be frivolous.'"  *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983)).  An action is frivolous or malicious where the allegations are clearly baseless, fanciful, fantastic, delusional, or without an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *see also Bilal v. Driver*,

251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if is without arguable merit either in law or fact.").

The undersigned concludes the Complaint is frivolous. There is no legal or factual basis for Plaintiff's statutory and constitutional claims against Defendants. Therefore, dismissal is also warranted under the Court's inherent authority.

It bears mentioning this case is part of a pattern of unsubstantiated filings by Plaintiff against federal officers. *See, e.g.*, *Tucker v. Barr*, No. 1:20-cv-26-AW-GRJ, ECF No. 9 (N.D. Fla. May 7, 2020) (dismissing Plaintiff's claim under the E-Communications Act of 2002 against Attorney General Barr for failure to state a claim); *Tucker v. Delrahim*, No. 5:19-cv-642-Oc-37PRL, 2020 WL 1170837, at *1 (M.D. Fla. Mar. 11, 2020) (dismissing Plaintiff's claims against Assistant Attorney General Delrahim for lack of jurisdiction and failure to state a claim); *Tucker v. Trump*, No. 1:17-cv-291-MW-GRJ, ECF No. 14 (N.D. Fla. Mar. 29, 2018) (dismissing Plaintiff's claims against President Trump, Secretary of State Rex Tillerson, Attorney General Jeffrey Sessions, and FBI Director James Comey as frivolous and for failure to state a claim). Plaintiff has also filed a pending lawsuit against Chief Magistrate Judge Elizabeth Timothy, who presides over Plaintiff's action against the Social Security Commissioner. *See*

*Tucker v. Timothy*, No. 1:20-cv-125-MW-GRJ, ECF No. 1 (N.D. Fla. May 26, 2020).

Plaintiff has been warned that the filing of frivolous complaints may lead to the imposition of sanctions, including monetary sanctions.  Should Plaintiff file a subsequent case that is deemed frivolous or malicious, the Court will recommend proceedings to determine the appropriate amount of a monetary sanction.

### III.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED without leave to amend** for failure to prosecute, for failure to state a claim, and as frivolous.

**IN CHAMBERS** this 23rd day of June 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal**

the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.